USDC SCAN INDEX SHEET

















CGL    11/4/05    13:09

3:05-CV-02062   MICKELSON V. GRAPHITE DESIGN INC

*1*

*CMP.*

1  Lisa M. Martens (Cal. Bar No. 195824)
   FISH & RICHARDSON P.C.
2  12390 El Camino Real
   San Diego, CA 92130
3  Tel: (858) 678-5070; Fax: (858) 678-5099

4  Glenn E. Cohen
   BARNES, BARNES & COHEN, P.A.
5  1843 Atlantic Boulevard
   Jacksonville, FL 32207
6  Tel: (904) 396-5181; Fax: (904) 396-9008

7  Attorneys for Plaintiff
   PHILIP MICKELSON

8

9                UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11  PHILIP MICKELSON                    '05 CV 2062 H    (POR)
                Plaintiff,
12                                      COMPLAINT FOR
          v.
13                                      1. False Designations of Origin and False
    GRAPHITE DESIGN INC. and GRAPHITE      Descriptions in Violation of Lanham Act
14  DESIGN INTERNATIONAL, INC. .        2. Dilution of Trademark in Violation of
                                           Lanham Act
15          Defendants.                 3. Dilution of Trademark in Violation of Cal.
                                           Bus. & Prof. Code § 14330
16  ─────────────────────────           4. Commercial Misappropriation in Violation
                                           of Cal. Civ. Code § 3344
17                                      5. Common Law Commercial
                                           Misappropriation
18                                      6. Untrue and Misleading Advertising in
                                           Violation of Cal. Bus. & Prof. Code
19                                         §§17500 and 17535
                                        7. Unfair Competition in Violation of Cal.
20                                         Bus. & Prof. Code § 17200
                                        8. Common Law Trademark Infringement
21
22                                      JURY TRIAL DEMANDED
23
24
25
26
27
28                                                ORIGINAL

FILED

NOV - 3 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

**PARTIES**

1. Plaintiff Philip Mickelson ("Plaintiff" or "Mr. Mickelson" or "Phil Mickelson") is a resident of the State of California. Mr. Mickelson is a professional golfer of world renown.

2. Upon information and belief, Defendant Graphite Design Inc. ("Graphite Design") is a corporation organized and existing under the laws of Japan with a place of business at 2474-1 Ohta, Chichibu-shi, Saitama, 368-0065 Japan.

3. Upon information and belief, Defendant Graphite Design International, Inc. ("GDI") is a California corporation with its principal place of business at 7919 St. Andrews Avenue, San Diego, California 92154.

4. Hereinafter, Graphite Design and GDI will be referred to collectively as "Defendants."

5. Defendants design, manufacture, market, and sell graphite golf shafts for use in golf clubs. Upon information and belief, Defendants' market includes the state of California, the continental United States, and throughout the world.

**JURISDICTION AND VENUE**

6. Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 5 as though fully set forth herein.

7. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, as amended (the "Lanham Act"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 1338(a), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and § 1338(b).

8. Upon information and belief, this Court has personal jurisdiction over Defendants because each of the Defendants conducts business in interstate commerce in the United States and in this judicial district, the claims alleged herein arise from each Defendant's acts or omissions in the United States and in this judicial district, each Defendant has purposefully directed its activities to residents in the United States and in this judicial district, and each Defendant's acts or omissions have damaged Mr. Mickelson in the United States and in this judicial district. In addition, upon

1    information and belief, Defendant GDI is a California corporation with its principal place of

2    business at 7919 St. Andrews Avenue, San Diego, California.

3         9.        Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and 28 U.S.C.

4    § 1400.

5                                    **BACKGROUND**

6         10.       Plaintiff Phil Mickelson is a professional golfer of world renown. Mr. Mickelson is

7    ranked third in the world according to the rankings recognized by the Professional Golfers'

8    Association ("PGA"). Mr. Mickelson is the third leading money winner on the United States PGA

9    Tour for calendar year 2005, with earnings in excess of $5.6 million. Mr. Mickelson is the third-

10   leading money winner of all time on the United States PGA Tour, with career earnings in excess of

11   $35 million. Mr. Mickelson is the winner of twenty-seven (27) PGA Tour-sanctioned golf

12   tournaments since he turned professional. Mr. Mickelson is the winner of two (2) major

13   professional championships, the 2004 Masters Championship and the 2005 PGA Championship.

14   While an amateur golfer, Mr. Mickelson won a major amateur championship, the 1990 United

15   States Amateur Championship, as well as the 1991 Northern Telecom Open. While in college, Mr.

16   Mickelson won three NCAA championships. Mr. Mickelson is one of the most famous, most

17   popular, and most widely-recognized golfers in the world. He is commonly considered and referred

18   to as a superstar in the world of professional golf.

19        11.       Plaintiff Phil Mickelson has been ranked among the top ten golfers in the world in

20   seven of the last ten years, and among the top 15 golfers in the world in nine of the last ten years.

21   Mr. Mickelson regularly appears on television when competing in golf competitions. In addition,

22   Mr. Mickelson's success as a golfer has made him the subject of extensive coverage by the print

23   and electronic media in the United States and worldwide. As a result of Mr. Mickelson's

24   consistently successful career and the extensive media coverage associated therewith, Mr.

25   Mickelson's name has become a famous trademark, and the public has come to associate the name

26   "Phil Mickelson" with Plaintiff and his sports entertainment services in the nature of golf

27   competitions and related services.

28

12.     Mr. Mickelson, as one of the top professional golfers and leading athlete endorsers in the world, owns a trademark in his name, Phil Mickelson, that has achieved almost unparalleled fame and recognition.  Mr. Mickelson has been using his name as a trademark continuously and without interruption in interstate commerce and in the State of California since at least as early as 1992, to identify Mr. Mickelson's sports entertainment services in the nature of golf competitions and other related services, and to distinguish Mr. Mickelson's services from the services of others. The initials "PM" stand for Plaintiff's name, Phil Mickelson.

13.     Since at least as early as 1997, Mr. Mickelson has provided an Internet website at *www.phil-mickelson.com*, which promotes and advertises Mr. Mickelson's sports entertainment services, including golf competitions and other services provided in connection with the Phil Mickelson trademark.  Mr. Mickelson's website also features information about Mr. Mickelson's accomplishments and statistics, as well as biographical and other information.  A printout from the home page of Mr. Mickelson's website at *www.phil-mickelson.com* is attached as Exhibit "A" to this Complaint.

14.     Mr. Mickelson is the owner of all proprietary and commercial rights in and to his name, image, likeness, and identity, and to his career as a professional golfer.  These rights include the right of publicity, the right of association, the right of sponsorship, and the right of endorsement. Due to his great skill and success as a golfer, as well as his popularity among golf fans and the public at large, Mr. Mickelson is widely known as one of the premier athlete endorsers in the world. Accordingly, Mr. Mickelson's name, image, likeness, and identity have significant value to companies that enter into or seek to enter into endorsement contracts and agreements with Mr. Mickelson.

15.     The initials "PM" stand for Plaintiff's name, "Phil Mickelson."

16.     As a result of his stature and visibility as one of the premier athlete endorsers in the world, Mr. Mickelson is able to command licensing and endorsement fees in exchange for the right to use his name, and more importantly, his identity, in the selling and marketing of both golf-related equipment and non-golf-related goods and services.

17.    Mr. Mickelson endorses a variety of goods and services offered or sold in interstate commerce.  Some of these goods and services are related to golf equipment, and some are not.  Mr. Mickelson's endorsements make him one of the highest-paid athletes in the world with respect to annual endorsement income earned.  Mr. Mickelson presently has licensing agreements and/or endorsement or other contracts with:  Callaway Golf Company; the Ford Motor Company; Rolex watches; Charles Schwab and Company; Exxon Mobil Corporation; and numerous other corporations.  The total endorsement value of these contracts and business opportunities exceeds $40 million annually.  Printouts from Mr. Mickelson's Internet website at *www.phil-mickelson.com* containing information about Mr. Mickelson's corporate sponsors are attached as Exhibit "B" to this Complaint.

18.    At all times material to this claim, Mr. Mickelson was party to an exclusive contract with Callaway Golf Company ("Callaway Golf").  That contract gave Callaway Golf the right to use Mr. Mickelson's name, likeness, identity, and all trademarks concerning Mr. Mickelson in connection with the sale of equipment manufactured and marketed by Callaway Golf.  That contract also gave Callaway Golf the sole and exclusive right to state to the world that Mr. Mickelson uses Callaway Golf's golf clubs, golf bags, and golf balls while participating in his chosen profession as a professional golfer.  No other company, organization, or person has the right to use the name, likeness, or identity of Mr. Mickelson in commercial advertising for any golf equipment.

19.    Mr. Mickelson maintains and enhances the commercial value of his name, image, likeness, and identity by controlling the use of his identity and identifying characteristics, including the number and quality of such uses.  Mr. Mickelson accomplishes this task by carefully considering endorsement offers and entering into specific, written commercial contracts with selected companies that seek to use Mr. Mickelson's image and identity in connection with the marketing and sale of their respective products.  These companies fully compensate Mr. Mickelson for such use.

20.    Upon information and belief, Defendant Graphite Design is a Japanese corporation that designs, develops, manufactures, and/or sells golf club shafts, which are distributed in

1  California, including in this judicial district, as well as elsewhere in the United States and

2  throughout the world.

3        21.     Upon information and belief, Defendant GDI is a wholly-owned subsidiary of

4  Defendant Graphite Design. GDI researches, develops, manufactures, markets, and sells golf club

5  shafts in California, including in this judicial district, and throughout the United States. Upon

6  information and belief, Defendant GDI markets its products to all golfers regardless of skill level,

7  including but not limited to professional golfers, amateur golfers, weekend golfers, and beginning

8  golfers. Defendant GDI promotes Defendants' products on an Internet website at *www.gdintl.com*,

9  and places advertisements for Defendants' golf club shafts in golf publications. On information and

10  belief, through these advertisements, the website at *www.gdintl.com*, and commercial contacts in

11  California, including in this judicial district, and throughout the United States and the world,

12  Defendants sell golf club shafts to the public for profit.

13        22.     Upon information and belief, and at a time not specifically known to Mr. Mickelson,

14  Defendants approached Mr. Mickelson with a business opportunity. Defendants offered to Mr.

15  Mickelson a graphite golf club shaft specifically to be used by Plaintiff and Plaintiff only.

16  Defendants eventually designed, developed, and manufactured two golf club shafts designated with

17  Mr. Mickelson's initials, "PM-702" and "PM-902," for the exclusive use of Mr. Mickelson.

18  Defendants offered an endorsement agreement to Mr. Mickelson whereby Mr. Mickelson would

19  endorse Defendants' golf club shafts and Defendants would be permitted to advertise that Mr.

20  Mickelson was both a user and endorser of Defendants' products.

21        23.     Mr. Mickelson refused to accept an endorsement contract with Defendants. Mr.

22  Mickelson informed Defendants that Mr. Mickelson's contract with his golf manufacturing

23  company prohibited Mr. Mickelson from endorsing any golf equipment manufactured by any other

24  company, although Mr. Mickelson could use golf club shafts manufactured by third parties.

25  Accordingly, Mr. Mickelson allowed Defendants to design and manufacture, for Mr. Mickelson's

26  exclusive use, the golf club shafts designated "PM-702" and "PM-902." Mr. Mickelson did not

27  authorize Defendants to sell the shafts to the public using his initials, "PM." As a result of these

28  discussions, Defendants manufactured the subject golf club shafts and supplied them to Mr.

1   Mickelson, but only under the strict understanding that Mr. Mickelson was not an endorser of the

2   products and that under no circumstances would Defendants be allowed to advertise or sell the

3   shafts in connection with Phil Mickelson's name, image, likeness, or identity.

4     24. Long after Plaintiff began using his name, Phil Mickelson, as a trademark to identify

5   the source of his golfing and related services, and without Mr. Mickelson's authorization or consent,

6   Defendants began using in interstate commerce and in the State of California names and/or marks

7   that are confusingly similar to Mr. Mickelson's name and mark in connection with the sale of golf

8   club shafts. Defendants have also, without Mr. Mickelson's authorization or consent, knowingly

9   appropriated Mr. Mickelson's name, image, likeness, and identity for purposes of advertising.

10     25. In August of 2005, Mr. Mickelson discovered that Defendant GDI was placing

11   various advertisements in golf publications throughout the United States and on its website referring

12   to the golf club shafts designated "PM-702" and "PM-902."

13     26. Attached as Exhibit "C" to this Complaint is an advertisement that appeared on the

14   back cover of "Golf World" magazine, a golf publication with wide circulation throughout the

15   United States and the English-speaking world. That advertisement refers to Defendants' golf club

16   shafts designated "PM-702" and "PM-902." The advertisement refers to Plaintiff's major

17   championship victories, namely the 2004 Masters and the 2005 PGA Championship, won by Mr.

18   Mickelson while using the golf club shafts designated "PM-702" and "PM-902." The

19   advertisement states that the shafts were specifically designed for Mr. Mickelson. Through the use

20   of Mr. Mickelson's initials and references to his major championship victories, the advertisement

21   clearly identifies Mr. Mickelson as using Defendants' golf club shafts, and constitutes commercial

22   advertising specifically designed to sell Defendants' golf club shafts to the golfing public.

23     27. Similar advertisements appear on Defendant GDI's website at *www.gdintl.com*. A

24   representative sample page from Defendant GDI's website is attached as Exhibit "D" to this

25   Complaint. Upon information and belief, GDI's website is specifically designed to advise the

26   golfing public and the purchasers of Defendants' golf club shafts that Mr. Mickelson uses and

27   endorses Defendants' products, or at the very least, to create the false and/or misleading impression

28

1    that Mr. Mickelson is somehow connected with the Defendants in either an endorsement or

2    advertising capacity.

3         28.    In addition to using Phil Mickelson's initials, "PM," and referring to his major

4    championship victories, Defendant GDI's website also includes press releases identifying Mr.

5    Mickelson as a user of Defendants' golf club shafts. These press releases create the false and/or

6    misleading impression that Mr. Mickleson is somehow connected with the Defendants in either an

7    endorsement or advertising capacity. Representative samples of Defendants' press releases are

8    attached as Exhibit "E" to this Complaint.

9         29.    Upon information and belief, Defendants' advertisements were intentionally

10   designed and calculated to create in potential purchasers of Defendants' products the false and

11   misleading impression that Mr. Mickelson has some contractual or endorsement relationship with

12   Defendants. All references within these advertisements clearly point to Mr. Mickelson as a user and

13   endorser of Defendants' products. These advertising efforts indicate to the golfing public and

14   potential purchasers of Defendants' products that Mr. Mickelson endorses Defendants' products,

15   approves of Defendants' advertisements, or is somehow commercially connected to Defendants'

16   business.

17        30.    Plaintiff Phil Mickelson does not now, nor has he ever, licensed or authorized

18   Defendants to use Mr. Mickelson's name, image, likeness, or identity or trademarks in any

19   advertising or marketing effort, especially any such advertising or marketing effort that would

20   suggest to the golfing public that Mr. Mickelson uses or endorses Defendants' products.

21        31.    Upon information and belief, Defendants profit from the unlicensed, unauthorized,

22   and uncompensated advertisements using Mr. Mickelson's identity and trademarks as set forth

23   above.

24        32.    Defendants have continued to usurp and improperly use Mr. Mickelson's identity,

25   trademarks, and persona in connection with the marketing and sale of Defendants' golf club shafts,

26   despite Defendants' knowledge and actual notice of Mr. Mickelson's superior rights in his identity

27   and trademarks. Accordingly, upon information and belief, such misappropriation by Defendants of

28

1   Mr. Mickelson's identity, trademarks, and persona is with the intent to confuse and deceive

2   consumers and to unjustly enrich Defendants at the expense of the public and Mr. Mickelson.

3        33.    Defendants pay no licensing fees, endorsement fees, royalties, or any other

4   consideration to Mr. Mickelson based on Defendants' advertising efforts that appropriate Mr.

5   Mickelson's identity, trademarks, and persona in connection with the sale of Defendants' golf club

6   shafts.

7        34.    Not coincidentally, the initials "PM" are Mr. Mickelson's initials. Defendants' use

8   of the initials "PM" in connection with Defendants' golf club shafts designated "PM-702" and

9   "PM-902" constitutes an unauthorized, illegal, and uncompensated usurpation of Mr. Mickelson's

10  name and identity. Defendants' commercial advertising and promotional materials combine Mr.

11  Mickelson's initials and references to major golf tournaments Mr. Mickelson has won. Consumers

12  of golf equipment who view Defendants' advertisements and press releases would likely recognize

13  Mr. Mickelson's major championship victories identified in the advertisements as well as

14  Mickelson's initials, and would likely believe, mistakenly, that Mr. Mickelson endorses

15  Defendants' products.

16                              **COUNT I**

17              **For False Designations of Origin and False Descriptions**
                **In Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

18

19       35.    Mr. Mickelson incorporates by reference and realleges the allegations set forth in

20  paragraphs 1 through 33 as though fully set forth herein.

21       36.    Plaintiff Phil Mickelson is the sole owner of the exclusive rights in and to Mr.

22  Mickelson's name, identity, identifying marks, and persona for all commercial purposes.

23       37.    Defendants' unauthorized use in interstate commerce of names and/or marks that are

24  confusingly similar to Mr. Mickelson's name and mark in the commercial advertising or promotion

25  of Defendants' goods, is likely to cause and has caused confusion, mistake, and/or deception as to

26  the origin, sponsorship, or approval of Defendants' goods by Mr. Mickelson.

27       38.    Defendants' unauthorized use in interstate commerce of names and/or marks that are

28  confusingly similar to Mr. Mickelson's name and mark in the commercial advertising or promotion

of Defendants' goods, is likely to cause and has caused confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendants with Mr. Mickelson.

39.    Defendants have made false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause and have caused confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' goods by Mr. Mickelson.

40.    Defendants have made false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause and have caused confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendants with Mr. Mickelson.

41.    Defendants have made false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion, which misrepresent the nature, characteristics, or qualities of Defendants' golf club shafts.

42.    Defendants' actions are likely to deceive, and upon information and belief have deceived, consumers into the mistaken belief that the goods of Defendants are endorsed by Mr. Mickelson, and/or that Mr. Mickelson and Defendants are in some way associated or affiliated with each other, all to Mr. Mickelson's substantial damage.

43.    Defendants, through the advertising tactics set forth and referenced above, have caused certain advertisements to be disseminated throughout the English speaking world, in golf publications and on the Internet, concerning the sale of Defendants' "PM-702" and "PM-902" golf club shafts to the golfing public, as well as other golf club shafts manufactured by Defendants.

44.    Defendants' advertisements as attached hereto and referenced above are likely to create, and upon information and belief have created, a likelihood of confusion on the part of consumers of golf equipment.  This confusion arises from Defendants' use of trademarks incorporating Mr. Mickelson's initials, from Defendants' references in advertising to Mr. Mickelson's major tournament victories, and from direct references to Mr. Mickelson's name in Defendants' press releases.

45.     Upon information and belief, Defendants' advertisements and press releases for the products designated "PM-702" and "PM-902," which refer to Mr. Mickelson's major tournament victories and to trademarks incorporating Mr. Mickelson's initials, were intentionally designed and calculated by Defendants to create an association in the minds of consumers between Defendants' products and Mr. Mickelson.  Upon information and belief, Defendants wanted potential purchasers to believe, erroneously, that Mr. Mickelson endorses Defendants' golf club shafts and/or has some connection or affiliation with Defendants.

46.     Defendants' acts constitute unfair competition, false advertising, false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

47.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

48.     Mr. Mickelson has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above, and Mr. Mickelson is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

**COUNT II**

**For Trademark Dilution in Violation of**
**Lanham Act § 43(c), 15 U.S.C. § 1125(c)**

49.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

50.     Defendants' use in commerce of Mr. Mickelson's famous name and mark, Phil Mickelson, in connection with the promotion, advertising and offering of Defendants' goods, which use began after Mr. Mickelson's name had become a famous trademark, has caused the dilution of the distinctive quality of Mr. Mickelson's name and mark, Phil Mickelson.

51.     Defendants' use of Mr. Mickelson's famous name and mark, Phil Mickelson, constitutes dilution under Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

52.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

53.     Mr. Mickelson has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above, and Mr. Mickelson is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

## COUNT III

### For Trademark Dilution in Violation of
### Cal. Bus. & Prof. Code § 14330

54.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

55.     Defendants' use of Mr. Mickelson's name and mark, Phil Mickelson, in the promotion, marketing, and offering of Defendants' goods is likely to cause and has caused injury to the business reputation and/or dilution of the distinctive quality of Mr. Mickelson's name and mark.

56.     Defendants' actions constitute a violation of California Business and Professions Code § 14330.

57.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

58.     Mr. Mickelson has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above, and Mr. Mickelson is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

## COUNT IV

### For Commercial Misappropriation
### in Violation of Cal. Civ. Code § 3344

59.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

60.     Mr. Mickelson owns the exclusive proprietary and commercial rights in and to his name, likeness, image, and identity, including the right of publicity, the right of association, the right of sponsorship, and the right of endorsement.

61.     Defendants have knowingly used Mr. Mickelson's name, likeness, image, and/or identity for purposes of advertising.

62.     Defendants have appropriated Mr. Mickelson's name, likeness, image, and/or identity to Defendants' advantage, both commercial and otherwise.

63.     There is a direct connection between Defendants' misappropriation and Defendants' commercial purpose.  Specifically, Defendants misappropriated Mr. Mickelson's name, likeness, image, and/or identity for the commercial purpose of increasing sales of the "PM-702" and "PM-902" golf club shafts.

64.     Mr. Mickelson did not consent to Defendants' actions.

65.     Defendants' actions constitute commercial misappropriation in violation of California Civil Code §3344.

66.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

67.     Mr. Mickelson has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above, and Mr. Mickelson is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.  Defendants are also liable for any profits derived from the unauthorized use of Mr. Mickelson's name, likeness, image, and/or identity not taken into account in computing actual damages.

68.     In addition to the damages described above, Mr. Mickelson is entitled to punitive damages, attorneys' fees, and costs pursuant to California Civil Code § 3344(a).

## COUNT V

### For Common Law Commercial Misappropriation

69.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

13

70.     Mr. Mickelson is the sole owner of the proprietary and commercial rights, including the right of publicity, the right of association, the right of sponsorship, and the right of endorsement that exists at common law, with respect to all advertising concerning the use of Mr. Mickelson's name, identity, and other identifying marks, including his persona.

71.     By publishing, disseminating, and/or otherwise distributing advertisements as depicted above in connection with the marketing and sale of Defendants' golf club shafts, Defendants have committed commercial misappropriation of Mr. Mickelson's common law rights. Defendants have appropriated and used Mr. Mickelson's name, likeness, image, and/or identity to Defendants' advantage, without Mr. Mickelson's consent.

72.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

73.     Mr. Mickelson has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above, and Mr. Mickelson is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

## COUNT VI

### For Untrue and Misleading Advertising in Violation of
### Cal. Bus. & Prof. Code §§ 17500 and 17535

74.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

75.     Defendants' use of Mr. Mickelson's name, image, likeness, and/or identity in any advertising device, or by any other means whatever, including over the Internet, constitutes advertising done with the intent to directly or indirectly induce the public to enter into business transactions with Defendants regarding Defendants' goods.

76.     Defendants' use of Mr. Mickelson's name, image, likeness, and/or identity in advertising has caused, and is likely to continue to cause confusion, and mistake, and to deceive as to the affiliation, connection or association of Defendants and Mr. Mickelson, and as to the origin, sponsorship, or approval of Defendants' goods by Mr. Mickelson, to Mr. Mickelson's harm.

77.     In making and disseminating advertising and promotional materials as alleged herein, Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue and/or misleading and so acted in violation of California Business & Professions Code § 17500 and/or § 17535.

78.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

### COUNT VII

### For Unfair Competition in Violation of
### Cal. Bus. & Prof. Code § 17200 *et seq*

79.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

80.     Defendants' unlawful, unfair, and/or fraudulent misappropriation of Mr. Mickelson's name, image, likeness, and/or identity constitutes an ongoing pattern of unlawful, unfair and fraudulent business practices and conduct in violation of California common and statutory law.

81.     Defendants' actions in California constitute unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*

82.     Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

### COUNT VIII

### For Common Law Trademark Infringement

83.     Mr. Mickelson incorporates by reference and realleges the allegations set forth in paragraphs 1 through 81 as though fully set forth herein.

84.     Defendants' unauthorized use of Mr. Mickelson's name and mark in interstate commerce and in the State of California in connection with the promotion and offering of Defendants' goods constitutes a false designation of origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact, which constitutes an infringement in Mr.

Mickelson's trademark rights in and to his name, "Phil Mickelson," and is likely to cause, and upon information and belief has actually caused, confusion, and mistake, and/or deception as to the affiliation, connection or association of Defendants and Mr. Mickelson, and/or as to the origin, sponsorship, or approval of Defendants' goods by Mr. Mickelson.

85.    Mr. Mickelson has been damaged and has suffered irreparable injury due to Defendants' acts and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

86.    Mr. Mickelson has suffered and will continue to suffer substantial damages by reason of Defendants' acts as alleged above, and Mr. Mickelson is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Mickelson prays that the Court enter judgment:

1.    Enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with Defendants, during the pendency of this action and thereafter permanently from:

(a)    using Mr. Mickelson's name or mark, and/or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component, title, or otherwise, to market, advertise, or identify products and services not produced or authorized by Plaintiff;

(b)    otherwise infringing Mr. Mickelson's trademark rights in Mr. Mickelson's name and mark;

(c)    unfairly competing with Mr. Mickelson in any manner whatsoever;

(d)    causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Mr. Mickelson's name, mark, symbols, labels, or forms of advertisement;

(e)    committing trademark infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or any other act or making any other statement that infringes Mr. Mickelson's trademarks or constitutes an act of trademark

16

infringement, trademark dilution, false advertising, false designation of origin, false descriptions, or unfair competition under federal law, common law, or the laws of the State of California; and

(f)      committing commercial misappropriation of Mr. Mickelson's name, image, likeness, or identity under California Civil Code § 3344 and/or common law, whether through the use of Mr. Mickelson's initials, through reference to Mr. Mickelson's major golf championships, and/or by any other means of misappropriating Mr. Mickelson's name, image, likeness, or identity.

2.      Requiring Defendants to deliver up for destruction all golf club shafts and other golf equipment, labels, signs, prints, packages, wrappers, receptacles, advertisements, promotional materials, catalogs, solicitations, and all other materials in the possession or control of Defendants that infringe Mr. Mickelson's name or mark;

3.      Requiring Defendants to publish clarifying statements that Defendants are not associated with Mr. Mickelson;

4.      Requiring Defendants to account for and pay over to Mr. Mickelson Defendants' profits and all damages sustained by Mr. Mickelson due to Defendants' misuse of Mr. Mickelson's mark and/or Defendants' commercial misappropriation of Mr. Mickelson's name, image, likeness, and/or identity;

5.      Trebling the amount of damages awarded to Mr. Mickelson pursuant to 15 U.S.C. § 1117;

6.      Awarding to Mr. Mickelson his attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117 and Cal. Civ. Code § 3344(a);

7.      Awarding to Mr. Mickelson compensatory damages suffered by Mr. Mickelson according to proof;

8.      Awarding to Mr. Mickelson punitive damages in an amount sufficient to deter and punish Defendant pursuant to Cal. Civ. Code § 3344(a) and other applicable law;

9.      Awarding to Mr. Mickelson interest on the compensatory damages at the highest rate allowed by law;

10.     Awarding to Mr. Mickelson the costs of suit incurred herein; and

11.     Awarding to Mr. Mickelson such other relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Mr. Mickelson hereby demands a trial by jury as to all issues triable by jury.

Dated:  November 3, 2005                    FISH & RICHARDSON P.C.


                                            By: _____
                                                Lisa M. Martens, Esq.

                                            Attorneys for Plaintiff
                                            PHILIP MICKELSON

18

Case 3:05-cv-02062-H-LSP   Document 1   Filed 11/03/05   Page 21 of 51

:: Phil Mickelson - Official Website ::



# Phil Mickelson
## OFFICIAL SITE

Register your email:

## Welcome to my new and improved official website!

As first, you have shared in my success this year and this new site is my way of showing my dedication to you and thanking you for your support. I hope that you will take full advantage of everything offered here and let me know what else you'd like to see incorporated into the site. Enjoy!   - Phil Mickelson

## News

**On the Bag**
Bones gives the inside scoop on the Presidents Cup

Phil's thoughts as we head into September...

**A Seminal Moment in Phil's Career**
Find out how a major championship winner feels after a long week inside the ropes turns into a very long day outside the ropes

**Fantastic Finish For Phil**
Final-hole major dramatics and Phil Mickelson are turning into a

**Member Login**

Username:

Password:

GO

Did you forget your Username or Password?

Join Phil's Favorites
Click here to
Join
Phil's FAVorites

Sign Up Now!

Exhibit A
Page 1

:: Phil Mickelson - Official Website ::

Homepage
News
Phil's Facts
Career Stats
Phil's PGA Schedule
Phil's Links
From the Green
FAQ
Phil FANatics



    

# of Birdies: 182

nice fit. Needing a birdie on the 72nd hole at Baltusrol on Monday, Lefty produced one of his patented flop shots to 2 feet to win the 87th PGA Championship for his second career major.

**Phil Enjoys Baltusrol**
Calls it 'a great place for a major championship'

:: Phil Mickelson - Official Website ::

Copyright 2004 www.philmickelson.com and StarOne Networks | General Information | Contact Info: info@philmickelson.com | Fan Mail

11/2/2005

http://www.phil-mickelson.com/index2.php

**Exhibit A**
**Page 3**

:: Phil Mickelson - Official Website ::



**Phil Mickelson**
OFFICIAL SITE

Sponsors













http://www.philmickelson.com/links/sponsors.php





Homepage

News

Phil's Facts

Game Stats

Phil's PGA Schedule

Phil's Links

From the Green

FAQ

Phil FANatics

In the world of sports, Phil Mickelson stands out as a leading example of accomplishment on the playing field and integrity away from the sport. Beyond being one of the most admired athletes in the world, Phil's integrity, intelligence, charisma and good looks appeal to the desires of corporate marketers. His ability to interact comfortably in all circles - executives, varying professions, age groups, and races, males and females - makes him the ideal corporate partner.

Phil is very selective about the companies with which he associates himself and strives to maintain a professional image in all activities. He aligns himself with only the best - the best in quality, presentation and reputation.

**His current corporate relationships include:**

**Mickelson Golf Course Design**



Their first project being Whisper Rock, Mickelson Golf Course Design maintains a desire to stay small and selective about the projects it takes on. Phil works closely with architect Gary Stephenson to ensure that the golf experience is never compromised. To contact Mickelson Golf Course Design, please call: (972) 529-8178, or write to:201 Ledgenest, McKinney, TX 75070

Gary Stephenson can also be reached via email at: garystephenson1@attbi.com.

**BearingPoint, Inc.**

BearingPoint provides business consulting and systems integration to Global 2000 Companies and government organizations. By aligning our clients' business processes and information systems, we help them access the right information at the right time, empowering them to create value within the business enterprise.

**FORD**

Ford Division, the best-selling automotive brand in the world, and Phil Mickelson, PGA TOUR superstar, have created an exclusive partnership establishing Mickelson as the newest member of the Ford team. Through this partnership, Mickelson will represent Ford & its products as he travels and competes throughout the world.

**Callaway Golf**

**Exhibit B**
**Page 6**

Page 4 of 6

Callaway Golf Company is proud to be the equipment choice of Phil Mickelson. Through an unwavering commitment to product innovation, Callaway Golf manufactures Demonstrably Superior and Pleasingly Different products designed to make every golfer a better golfer. More than a decade ago, we revolutionized driver technology with the original Big Bertha Driver. Today, we continue a tradition of innovation with scientifically advanced products like the new Big Bertha Drivers, Big Bertha Fusion Irons, and the HX Tour Golf Ball. Callaway Golf uses better ideas and better science to build better golf equipment – and help players like you build a better game. Visit www.callawaygolf.com to learn more.

**ExxonMobil Corporation**

Phil and his wife Amy are teaming up with the ExxonMobil Foundation to develop a new and innovative program to improve science and math education in elementary schools. The program will offer advanced training in science and mathematics instruction for elementary school teachers chosen from the communities around the country where Mickelson will be playing tournaments.

ExxonMobil Foundation is the primary philanthropic arm of ExxonMobil Corporation in the United States. Focus areas include education, health and environment. In 2003, ExxonMobil Foundation, ExxonMobil Corporation, and its divisions and affiliates provided $103 million in contributions worldwide.

**Rolex**

Only the best of the best are associated with Rolex and Phil is proud to be a partner. He is used extensively in their advertising and marketing around the world and is the only player wearing the

11/2/2005

**Exhibit B**
**Page 7**

Cellini watch with leather band at all events he plays.

## Grayhawk Development/Grayhawk Golf Club

Phil's equity partnership with Grayhawk Development was created from his personal relationships with the people behind the company. Phil calls Grayhawk Golf Club in Scottsdale, Ariz., his home and uses it as his primary practice facility. one of the features of the club is Phil's Grill, which may end up being a trademark brand for each of Grayhawk evelopment's future golf courses resort properties. Phil's Grill is one of Phil's favorite places to hang out, grab lunch and visit with friends.

## Golf Digest, Inc.

Phil is one of the select PGA TOUR Playing Editors for Golf Digest magazine. Three times a year the magazine features a special instructional piece centered around a part of the game that makes Phil special. In 2000, he became the first player to be featured in Golf Digest television ads aimed at attracting new subscribers since Tom Watson in the 1980s.

## Sportscope

Remember those old-fashioned cardboard periscope viewers often seen at golf events in the not-too-distant past? Well, Phil Mickelson Sr. is marketing an upscale version of the instrument called the Sportscope to help fans in the ever-growing golf galleries keep an eye

:: Phil Mickelson - Official Website ::

on the action. It features a lens system with 5X magnification, adjustable focus, slide bar for extended viewing, detachable handle, carry case, etc. With approval for its use at PGA TOUR events, it has been made available for purchase at selected tournaments. Supply limits are being increased so that this unique and useful product can soon be made available through e-mail orders at sportscope@aol.com or by contacting the Mickelson Group, Inc.,

at 619-286-7402.

You can also receive more information on the Sportscope at www.MickelsonGroup.com.

Copyright 2004 www.philmickelson.com and StarOne Networks | General Information

11/2/2005



# WINNER

## 2005 PGA CHAMPIONSHIP
## 2004 MASTERS

*Tour*



**ACCURACY & DISTANCE**

## GRAPHITE DESIGN
*Ultimate Performance Proven on Tour*

**WWW.GDINTL.COM**

Tune up your gear with

*Tour AD*

Ultimate Performance Proven on Tour

**Exhibit C**
**Page 10**



**Prototype Model:PM702/902: 2005 PGA Championship and 2004 Masters Winning Shaft (AVAILABLE NOW)**
The PM702/902 was developed on the PGA TOUR using the best players in the world providing invaluable feed back on performance, feel, and playability.

Graphite Design International - Shaft

Page 2 of 2

The PM702/902 is suited for the better player and Tour Professionals with high club head speeds. It has an overall stiff bend profile and high kick. The PM702/902 is a proven winner on the PGA TOUR including 2005 PGA Championship and 2004 Masters. Available in S and X flexes only.

**PM702**

PM902

**PM702 shaft**

| Shaft Type | Flex | Length (inch) | Weight (gram) | Tip size (inch) | Butt size (inch) | Parallel Tip Length | Torque (degree) | Kick point | MSRP |
|---|---|---|---|---|---|---|---|---|---|
| PM702-S | S | 47.0" | 70.0 | .335" | .600" | 3.5" | 3.4 | HIGH | $400.00 |
| PM702-X | X | 47.0" | 73.0 | .335" | .600" | 3.5" | 3.2 | HIGH | $400.00 |

**PM902 shaft**

| Shaft Type | Flex | Length (inch) | Weight (gram) | Tip size (inch) | Butt size (inch) | Parallel Tip Length | Torque (degree) | Kick point | MSRP |
|---|---|---|---|---|---|---|---|---|---|
| PM902-S | S | 46.0" | 93.0 | .335" | .608" | 3.5" | 3.1 | MID/HIGH | $400.00 |
| PM902-X | X | 46.0" | 93.0 | .335" | .608" | 3.5" | 3.1 | MID/HIGH | $400.00 |

/ Previous Page                    Next Products

Back to top

© Graphite Design International Inc. - 7919 St. Andrews Avenue San Diego CA 92154 Tel: (888) 707-6132 Privac

Site designed by Okiron

Exhibit D
Page 12



*Ultimate Performance*

Items:
Subtotal:

### Shaft

- **New Products**
- **Tour AD Series**
- **YS+ Series**
- **Prototype Models**
- **YS Power**
- **D03**
- **Purple Ice**
- **Gat Series**

### Other

- **Accessories**
- **Apparel**

## Prototype Models

| **PM702 Wood** | **$400.00** | **PM902 Wood** |

2004 Masters & 2005 PGA Championship Winning Shaft.          2004 Masters & 2005 PG





 

© Graphite Design International Inc. - 7919 St. Andrews Avenue San Diego CA 9

**Exhibit D**
**Page 14**

Graphite Design International - Shaft



Ultimate Performance, Proven on Tour

## GRAPHITE DESIGN™
*Better Shafts. Better Scores.*

**Tour AD Series - YS+ Series - PMT02802 - YS Power - D03 - Purple Ice - GAI Series**

### Products

### Tune up your gear with *Tour AD*

The most popular and widely played shaft on the Japan PGA TOUR, the new TourAD shaft line is the ultimate combination of GDI's innovative accuracy and distance technology. Now available to consumers in three distinct models, TourAD shafts are designed for players of all skill levels, from professional to recreational.

### Tour AD Series

**Iron Series**
Tour AD Iron series (AD-75, AD-85, AD-95) are complement models of the Tour AD wood series. Utilizing the same technology, the iron series achieved the low balance design with exceptional balance, feel and control.

Press Releases

Contact us

Shop Direct

Submit GDI Newsletter

Enter e-mail

Select format [HTML ▼]

[Submit]

Graphite Design International - Shaft



**Hybrid Series**
Hybrid wood series helps to provide higher launch for maximum distance and control with low kick shaft design. With unique material usage, it will provide exceptional feel st impact.

**I-65**
The I-65 is a 70-gram, mid/high kick point shaft. Designed for a wide range of players with varying swing speeds, the I-65 uses GDI's proprietary *Ultra-High Modulus Material* to produce one of the lowest torques on the market (2.2).



**W-60**
The W-60 is a 60-gram, stiff butt, soft tip extremely low kick shaft. Designed for a wide range of players with slow to medium swing speed, the W-60 possesses a more flexible bend profile than the I-65, and boasts one of the industry's lowest kickpoints within the weight range.

**W-70**
The W-70 is a 70-gram, stiff butt, soft tip extremely low kick shaft with similar bend profile to W-60.

Back to top

**YS+ Series**

**YS-5+**
An ultra-light, 50-gram, low to mid-flex shaft, the YS-5+ is specifically designed for golfers with slow to medium swing speeds.

**YS-6+**
The YS-6+ uses the highest grade of modulus graphite available on the market.



Exhibit D
Page 16

Graphite Design International - Shaft

**YS-7+**
Designed for aggressive swingers with high swing speeds, provides outstanding performance.



**YS-8.1+**
Emerged as a popular shaft among PGA TOUR players and professional golfers desiring a heavier shaft.

**YS-6+ Fairway**
The YS-6+ fairway shaft is designed to maintain the performance and bend characteristics of the popular YS-6+ driver shafts.



**YS-Hybrid+**
YS Hybrid+ shaft draws upon the same advanced technological elements and high performance characteristics that have made GDI's YS series.

**YS-8.1+**
Features a medium-soft tip designed to maximize launch angle and minimize spin rate.



**YS-7+ Fairway**
The YS-7+ fairway shaft features a stiffer tip than the YS-7+ driver shaft.

Back to top

**Prototype Models**

**PM702**
2004 Masters & 2005 PGA Championship Winning

**PM902**
2004 Masters & 2005 PGA Championship Winning

http://www.gdintl.com/page.cfm?content=product

10/18/2005

Graphite Design International - Shaft

Shaft.



Shaft.

**YS Power** (Iron)
Promotes optimum launch with exceptional feel.

**D03**
Extremely low torque design for better players

**Purple Ice**
Extremely lively and exceptional feel

**GAT Series**

**Gat 95** (Iron)
For a dynamic ball flight

**Gat 115** (Iron)
For players to maintain overall weight & balance

Back to top

Exhibit D
Page 18

Graphite Design International - Shaft



**Tour Gat 75** (wood)
Tour proven wood shaft using the GAT iron technology

**Gat 105**
Allows steel shaft swing weights to be achieved at the same overall club length.

**Gat 75 Irons**
GAT 75 irons have same performance and feel of all GAT products at a lower overall weight

**Back to top**

/ Previous Page

© Graphite Design International Inc. - 7919 St. Andrews Avenue San Diego CA 92154 Tel: (888) 707-6132 Privac

Site designed by Okiron

10/18/2005

http://www.gdintl.com/page.cfm?content=product



**Ultimate Performance, Proven on Tour**

*Tour*

GRAPHITE DESIGN™

*Better Shafts. Better Scores.*

Contact us

Shop Direct

Submit GDI Newsletter

Enter e-mail

Select format HTML

Submit

**❖ Press Release**

April 16, 2004

GDI Industry online.com

**Mickelson Uses Graphite Design Shaft at the Masters.**

Phil Mickelson used Graphite Design International's PM-702 shaft in his driver and PM-902 shaft in his three-wood golf club, and the 2003 Masters champion used GDI's YS Power Fairway shaft in his five wood, according to Darrell Survey. It was the seventh time GDI shafts have been used by the winner of a 2004 PGA Tour event. The two highest-ranked PGA Tour players have used GDI shafts each week. GDI has been the #1 Manufacturer (most shafts in play) on the 2004 PGA Tour eight times in 13 weeks; #1 Brand seven times; and GDI's YS-6 shafts have been "most played" eight times. Nearly 50 percent of the top-5 and top-10 finishers rely on GDI shafts weekly, and PGA Tour

Graphite Design International - Shaft

Page 2 of 2

players have won roughly $16 million in 2004 with GDI shafts in their clubs.

- END -

/ Previous Page        next press \

Back to top

© Graphite Design International Inc. - 7919 St. Andrews Avenue San Diego CA 92154 Tel: (888) 707-6132 Privac

Site designed by Oktron

10/26/2005



**Press Release**

April 13, 2004

**THE WIRE** golf's only
daily transaction newsle

**Volume 6, No. 71**

The winner of the Masters uses **Graphite Design International's** PM
PM-902 shaft in his 3-wood, according to Darrell Survey.

/ Prev

© Graphite Design International Inc. - 7919 St. Andrews Av

**Contact us**

**Shop Direct**

**Submit GDI Newsletter**

Enter e-mail
Select format HTML ▾

Submit



**Ultimate Performance, Proven on Tour**

**GRAPHITE DESIGN**™
*Better Shafts. Better Scores.*

Press Release

Contact us

Shop Direct

Submit GDI Newsletter

Enter e-mail

Select format HTML

Submit

**> Press Release**

August 15, 2005

Winner of 2005 PGA Championship Uses Graphite Design International Shafts

*GDI Wins Manufacturer, Brand Counts at Year's Final Major*

**(SAN DIEGO, California)** - Graphite Design International ("GDI") today announces the winner of the PGA Championship played its PM series shafts in his driver and fairway woods, and that it won the manufacturer and brand counts at the year's final major, according to the Darrell Survey.

In negotiating Baltusrol's storied Lower Course, the winner used GDI's PM 702 shaft in his driver, and PM 902 shafts in his 3- and 5-woods. The win was the 14th for GDI this season on the PGA TOUR, and the 29th professional victory worldwide.

Known for their optimal combination of accuracy and distance performance, GDI shafts are played by two of the top three players on the World Money List and the TOUR leader in total driving (distance plus accuracy).

Case 3:05-cv-02062-H-LSP   Document 1   Filed 11/03/05   Page 48 of 51

GDI shafts are found in the clubs of the most successful professional golfers, who with their livelihoods and reputations on the line rely on their consistently superior performance. In 2005, GDI shafts have been the "most popular" in the weekly brand and manufacturer counts 12 times, and have helped the world's best players amass over $44 million in earnings.

"We are extremely proud and excited to have winner of the 2005 PGA Championship using GDI shafts in all three of his metal woods," says Akio Karashima, CEO of GDI. "GDI's shafts were in the clubs of two of the four major winners this season, and are played by hundreds of players on a number of professional tours. Just as importantly, recreational golfers around the world have access to the same GDI accuracy and distance technology as the pros."

The hot beginning to the new season builds upon GDI's 2004 success – a banner year in which PGA TOUR players earned over $60 million using GDI shafts including the winners of the 2004 Masters and PGA Championship.

### About Graphite Design International

GDI, established in Japan in 1989 and in the U.S. in 1997, is one of the world's three largest golf-club shaft manufacturers. The company made its mark manufacturing high-performance shafts for most of golf's major OEMs worldwide, including the top four companies by sales volume, and GDI shafts continue to be preferred by top clubmakers, worldwide.

The company recently made its entire line of performance enhancing shafts available through its "Shop Direct" program that provides consumers unprecedented convenience in researching and purchasing GDI products via the Internet. Shop Direct offerings include GDI's new Tour AD models, the popular YS-6, YS-7 and YS-Power models, GAT shafts for irons and the new PM model, played by the 2004 Masters Champion.

GDI's trademarks are revolutionary technology, design and sourcing the most advanced materials so GDI shafts are of highest quality and performance. GDI shafts specifically promote "Accuracy and Distance" among players of all levels, and are commonly referred to as "Ultimate Performance, Proven on Tour."

The core components of the company's "AD" logo, these key competitive advantages help professionals and amateurs optimize their game after switching to GDI shafts. The company's popular YS series, new PM (Prototype Model) shafts, and the recently introduced Tour AD line are taking this message to the next level.

/ Previous Page          next press \

Exhibit E
Page 24

Page 3 of 3

Graphite Design International - Shaft

**Back to top**

© Graphite Design International Inc. - 7919 St. Andrews Avenue San Diego CA 92154 Tel: (888) 707-6132 Privac

Site designed by Okiron

Exhibit E
Page 25

AO 120 (Rev.3/04)

| TO:         **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised
that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br>05CV2062H (POR) | DATE FILED<br>11/03/05 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br>Philip Mickelson | | DEFENDANT<br>Graphite Design Inc. |

| **PATENT OR<br>TRADEMARK NO.** | **DATE OF PATENT<br>OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** |
|---|---|---|
| 1 | | SEE ATTACHED COMPLAINT |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| **PATENT OR<br>TRADEMARK NO.** | **DATE OF PATENT<br>OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director
Copy 3 - Upon termination of action, mail this copy to Director
Copy 4 - Case file copy

JS 44 (Rev 3/99)

 **CIVIL COVER SHEET** 

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
PHILIP MICKELSON

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
GRAPHITE DESIGN INTERNATIONAL, INC., a California Corporation

GRAPHITE DESIGN, INC., a Japanese company
County of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

`05 CV 2062 H (POR)`

(c) Attorneys (Firm Name, Address, and Telephone Number)
Lisa M. Martens
Fish & Richardson P.C. (Southern California)
12390 El Camino Real
San Diego, California 92130
(858) 678-5070

Attorneys (If Known)
Benjamin A. Nix
Payne & Fears LLP
4 Park Plaza, Suite 1100
Irvine, CA  92614
Attorneys for Graphite Design International, Inc.

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | | |
|---|---|---|---|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- - - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**  (PLACE "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125 (a); 15 U.S.C. § 1125 (c); Cal. Bus. & Prof. Code § 14330; Cal. Civ. Code § 3344; Commercial Misappropriation; Cal. Bus. & Prof. Code § 17500 and 17335; Cal. Bus. & Prof. Code § 17200 et seq ; Common Law Trademark Infringement

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
Demand: $ To Be Determined
CHECK YES only if demanded in Complaint
**JURY DEMAND** ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See Instructions)
JUDGE s                                                 DOCKET NUMBER

DATE
November 3, 2005

SIGNATURE OF ATTORNEY OF RECORD
*Lisa M. Martens*

TYPE NAME OF ATTORNEY
Lisa M. Martens

FOR OFFICE USE ONLY

RECEIPT # 118526   AMOUNT 250.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

11/3/05 VB

**ORIGINAL**